Andrew Jackson TAYLOR, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–12094.

Criminal Court of Appeals of Oklahoma.

Jan. 12, 1955.

Carder & Carder, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Andrew Jackson Taylor, defendant below, was charged by information in the county court of Kiowa county with the offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor. He was tried by a jury and sentenced to pay a fine of $25; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The evidence in this case bears out the allegations of the information to the effect that the defendant was operating a motor vehicle on Highway No. 183 while under the influence of intoxicating liquor. The testimony of Jack Rollins, Highway Patrolman, was to the effect that the defendant was observed on said highway about 2 miles east of Hobart. It was observed that he forced a truck off of its side of the road onto the shoulder. The evidence further discloses that the defendant was stopped, ordered out of his automobile, his tongue was thick and he staggered when he attempted to walk. He admitted to the officer that he had been drinking. Highway Patrolman Forrest Mussen corroborated the testimony of Officer Rollins and added that defendant's conversation did not make sense and that when they got to the jail with him, he had to take him by the arm and help him up the steps, to keep him from falling back. Mr. Dailey, jailor and deputy sheriff of Kiowa county, testified that his speech was broken and that the defend-

380

ant had the odor of alcohol upon him when he was brought to the jail. Lewis Brewer, a civilian who resided at Cement, testified that he was coming to Hobart and that he observed the defendant driving, ahead of him, all over the road, that he followed him on down the highway until he met the highway patrol. He did not testify that he was under the influence of intoxicating liquor but he did testify that something was wrong with him because his speech was blurred and because of the manner in which he drove. He said at one time he drove off in the ditch and another time he was completely off the slab. The evidence of the defendant's guilt is clear and convincing. We have examined the pleadings, instructions and judgment and no material error is apparent. The state of the record being such as it is, the conviction is therefore accordingly affirmed.

POWELL, P. J., and JONES, J., concur.